IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Edward B. Bennett,  )   C. A. No. 2:09-7890-GRA-RSC
                    )
    Plaintiff,      )
                    )
    -versus-        )   **REPORT AND RECOMMENDATION**
                    )
Eli Lilly & Company and )
Dr. William F. Corey,   )
                    )
    Defendants.     )

The *pro se* plaintiff brought this civil rights action pursuant to 42 U.S.C. § 1983. On March 17, 2008, the defendant Dr. William Corey filed a motion for summary judgment. On March 20, 2008, U. S. Judicial Panel on Multi-District Litigation entered a Conditional Transfer Order transferring this action to Eastern District of New York for coordinated or consolidated pretrial proceedings. By order of this court filed March 21, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately.

On March 21, 2008, this case was transferred to Eastern District of New York. On November 13, 2008, a stipulation of dismissal with prejudice was entered providing that plaintiff Edward B. Bennett and defendant agree that all claims by Bennett and defendant Eli Lilly and Company are dismissed. On March 31,

1

2009, the Honorable Jack B. Weinstein, Senior United States District Judge for Eastern District of New York, entered an Order that the Zyprexa-related claim, over which that court had jurisdiction pursuant to the Multi-District Litigation Conditional Transfer Order, was settled and dismissed by the consent of the parties. Judge Weinstein further suggested that the Panel on Multi-District Litigation remand plaintiff's claims against the remaining defendant to the originating court in the District of South Carolina. On May 8, 2009, this case was transferred from the Eastern District of New York back to the District of South Carolina.

After receipt of this case, a second order of this court was filed May 12, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The plaintiff was advised of dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately to the previously filed motion for summary judgment. The plaintiff failed to respond to defendant's motion for summary judgment or this court's order and now it appears to the court that he wishes to abandon this action.

As the plaintiff is proceeding pro se, the court filed an order on May 18, 2009, giving the plaintiff an additional ten (10) days in which to file his response to the defendants' motion for summary judgment. The plaintiff was specifically advised that if he failed to respond, this action may be dismissed with

prejudice for failure to prosecute, <u>Davis v. Williams</u>, 588 F.2d 69, 70 (4th Cir. 1978), 41(b) Federal Rules of Civil Procedure. The plaintiff did not respond.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

July 16, 2009

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).