UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Edward B. Bennett, | C/A No.: 2:09-cv-07890-GRA |
| Plaintiff, | **ORDER** |
| v. | (Written Opinion) |
| Eli Lilly & Compay and Dr. William F. Corey, | |
| Defendants. | |

This matter comes before the Court to review the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed on July 16, 2009. The magistrate now recommends that this Court dismiss the plaintiff's complaint for lack of prosecution. For the reasons stated herein, this Court adopts the magistrate's recommendation.

The plaintiff filed the instant suit for violations of various constitutional rights. The case was transferred to the Eastern District of New York on March 20, 2008. On November 13, 2008, a stipulation of dismissal with prejudice was entered. It dismissed all claims against Eli Lilly. The case as remanded on May 8, 2009 to resolve the claims against the remaining defendant. The magistrate issued a second *Rosboro* order on May 12, 2009 warning the plaintiff of the consequences of a failure to respond to the motion for summary judgment. The plaintiff did not respond. Therefore, the magistrate recommends dismissing this suit pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. A copy of the Report was

mailed to the plaintiff. The plaintiff did not respond to the Report and Recommendation.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff did not file any objections.

After a review of the magistrate's Report and Recommendation, applicable case law, and the record, this Court finds that the magistrate applied sound legal principles

to the facts of this case. Therefore, this Court adopts the Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the plaintiff's complaint be dismissed with prejudice for failure to prosecute.

IT IS SO ORDERED.

_G. Ross Anderson, Jr._ (signature)

G. Ross Anderson, Jr.
Senior United States District Judge

August  6 , 2009
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**